IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

CHRISTIANA CARE HEALTH )
INITIATIVES, INC., )
 )
Plaintiff, )
 )
 ) C. A. No. N14C-03-203 FWW
v. )
 )
TRI-STATE IMAGING DE HOLDINGS, )
LLC, )
 )
Defendant. )

Submitted: July 29, 2014
Decided: October 10, 2014

On Plaintiff's Motion for Judgment on the Pleadings
**DENIED**

**ORDER**

This 10th day of October, 2014, upon consideration of the Plaintiff's Motion

for Judgment on the Pleadings and the Defendant's Response in Opposition, it

appears to the Court that:

(1) On July 15, 2014, Plaintiff filed a Complaint with the Court alleging

that Tri-State breached an Asset Purchase Agreement, executed by the parties on

March 1, 2014, by failing to pay the agreed upon purchase price of the assets and

1

that Plaintiff is entitled to a declaratory judgment for indemnification of all costs arising from Tri-State's failure to perform based upon a provision contained in the Asset Purchase Agreement.

(2)     On June 3, 2014, Defendant filed an Answer in which Defendant denied all of the allegations set forth in the Complaint and asserted various affirmative defenses.  Defendant also filed an Affidavit of Defense pursuant to 10 *Del. C.* §3901 and attached to it a copy of the Asset Purchase Agreement and Bill of Sale.

(3)     In the Affidavit of Defense, Defendant asserts that on February 26, 2014, representatives of Tri-State inspected one of the assets, the MRI machine, and it was not in working order and Plaintiff's representatives agreed to restore the machine to working order.  On February 27, 2014, the MRI machine functioned properly including the essential firmware and operating software.  On March 10, 2014, after the parties executed the Asset Purchase Agreement, Tri-State tested the machine and found that it did not function properly and that "the firmware and operating software had been removed from the MRI machine or otherwise damaged or corrupted so that the MRI machine became inoperable."[1]  Therefore, Defendant asserts that Plaintiff failed to deliver the same equipment in the same condition as when the equipment was inspected on February 27, 2014, after

---

[1] Aff. of Defense, D.I. 5, ¶ 9.

Plaintiff had reason to know that Defendant executed the Asset Purchase Agreement in reliance on the successful second inspection. Additionally, the Affidavit states that, despite the disclaimers contained in the Agreement, "Seller nevertheless represented and warranted to Tri-State that the Equipment that Tri-State inspected would not be tampered with, damaged or rendered inoperable after Closing."[2]

(4)     The Asset Purchase Agreement and Bill of Sale contain several provisions including, in relevant part, the following:

> Buyer is an informed and sophisticated participant in the transactions contemplated hereby and acknowledges that it has previously been given the opportunity to and has conducted such investigations and inspections of the Property as it has deemed necessary or appropriate for the execution, delivery and performance of this Agreement.

> Buyer acknowledges and agrees that…it is purchasing and taking possession of the Property in its "AS IS, WHERE IS" and "WITH ALL FAULTS" CONDITION WITHOUT ANY REPRESENTATION OR WARRANTY OF ANY KIND OR NATURE WHATSOEVER, EXPRESS OR IMPLIED, ORAL OR WRITTEN, AND IN PARTICULAR, WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, WITHOUT ANY IMPLIED WARRANTY OR REPRESENTATION AS TO (A) THE CONDITION, VALUE, MERCHANTABILITY OR FITNESS OR SUITABILITY FOR ANY SPECIFIC PURPOSE AS TO ANY OF THE PROPERTY, (B) THE USE OR OPERATION OF THE PROPERTY BY BUYER AT OR AFTER THE CLOSING DATE.[3]

Additionally, the Asset Purchase Agreement contains indemnification clauses that

---

[2] *Id.* at ¶ 12.
[3] *Id.* at Ex. A, ¶ 12.

require each party to indemnify the other for losses and costs incurred arising out of a failure to fulfill the agreement.

(5)     On July 15, 2014, Plaintiff moved for Judgment on the Pleadings on the grounds that Defendant acknowledged that it is a sophisticated buyer and that "the contract's clear and unambiguous meaning required CCHI to deliver the Equipment, not in the condition on the date of inspection, but rather, "'as is, where is' and 'with all faults' to Tri-State in exchange for the purchase price."[4] Plaintiff argues that Plaintiff performed under the contract by delivering the Property as described in the Asset Purchase Agreement and that the fact that the machine became inoperable after delivery is irrelevant. Additionally, Plaintiff contends that Tri-State is liable for all costs associated with litigation including reasonable attorneys' fees pursuant to the indemnification clause.

(6)     On July 29, 2014, Defendant responded in opposition to the Motion for Judgment on the Pleadings and conceded that Plaintiff specifically disclaimed any representations or warranties but argued that "inherent in that disclaimer was Plaintiff's promise and undertaking to Tri-State, as Buyer, that the Equipment that Tri-State inspected would not be tampered with, damaged or rendered inoperable after Closing."[5] Specifically, Defendant claims that during the first inspection on February 26, 2014, the equipment did not operate and that Plaintiff "unilaterally

---

[4] Pl. Mot., D.I. 7, pg. 3.
[5] Def. Resp., D.I. 9, pg. 2-3.

4

undertook to repair the MRI machine at the Second Inspection, prior to the Closing Date."[6] Tri-State claims that, on February 27, 2014, the MRI machine functioned properly and that Plaintiff knew or had a reason to know that Tri-State executed the contract in reliance on a successful inspection. Defendant asserts that, on March 10, 2014, Defendant discovered that the MRI machine did not operate properly. Defendant claims that "Plaintiff's conduct raises substantial questions or [sic] material fact including, but not limited to, whether Plaintiff's actions outside of the provisions of the Agreement created an obligation under promissory estoppel to deliver the Equipment in the same condition as when inspected…and/or whether Plaintiff's actions breached the implied covenant of good faith and fair dealing."[7]

(7) Pursuant to Super. Ct. Civ. R. 12(c), "[a]fter the pleadings are closed but within such time so as not to delay the trial, any party may move for judgment on the pleadings."[8] Upon considering such a motion, the Court must accept all well-pled facts as true and must construe all reasonable inferences in favor of the non-moving party.[9] The motion may only be granted where the Court is satisfied that "no material issue of fact exists and the movant is entitled to judgment as a

---

[6] *Id.* at 2.
[7] *Id.* at 3.
[8] Super. Ct. Civ. R. 12(c).
[9] *Silver Lake Office Plaza, LLC v. Lanard & Axilbund, Inc.*, 2014 WL 595378, at *6 (Del. Super. Jan. 17, 2014).

matter of law."[10]

(8)     Viewing the facts in the light most favorable to Defendant, including Defendant's allegation that the firmware and operating software essential to operating the MRI machine were removed after the successful inspection on February 27, 2014, the Court finds that material issues of fact remain with respect to both counts in the Complaint.  Therefore, Plaintiff is not entitled to judgment as a matter of law.

NOW, THEREFORE, IT IS **ORDERED** that the Plaintiff's Motion for Judgment on the Pleadings is hereby **DENIED.**


s/s Ferris W. Wharton, Judge

---

[10] *Desert Equities, Inc. v. Morgan Stanley Leveraged Equity Fund II, L.P.*, 624 A.2d 1199, 1205 (Del. 1993).